UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW COPELAND MILLER,<br><br>Petitioner,<br><br>v.<br><br>CHRISTIAN PFEIFFER,<br><br>Respondent. | No. 2:22-cv-1270 WBS DB<br><br><br><br>ORDER |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2014 conviction in the San Joaquin Superior Court. (ECF No. 1 at 2.) A motion for stay was submitted concurrently with the petition. (ECF No. 1 at 40-42.)

By order dated February 16, 2023, the respondent was directed to file a response to the petition and petitioner's motion for stay. (ECF No. 6.) Respondent filed a motion to dismiss and opposition to petitioner's motion for stay. (ECF No. 11.) Therein, respondent argues that the petition is unexhausted, petitioner has not shown good cause and diligence sufficient to warrant a stay pursuant to Rhines v. Weber, 544 U.S. 269 (2005), a stay pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002), is inapplicable. Respondent further argues that because the petition is unexhausted it should be dismissed.

////

Petitioner has not filed an opposition, or otherwise responded to respondent's motion to dismiss. It also appears that petitioner has failed to file a notice of change of address as required by Local Rule 183(b).[1]

Good cause appearing, IT IS HEREBY ORDERED that within twenty-eight days of the date of this order petitioner shall file an opposition to the motion to dismiss or show cause in writing why this action should not be dismissed for failure to prosecute and failure comply with court order.

Dated: July 11, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Habeas/R/mill1270.osc

---

[1] Plaintiff's address of record states that he resides at Substance Abuse Treatment Facility. However, the California Department of Corrections and Rehabilitation's inmate locator system located at http://inmatelocator.cdcr.ca.gov reflects that plaintiff is presently housed at Salinas Valley State Prison. The court may take judicial notice of information stored on the California Department of Corrections and Rehabilitation inmate locator website. See In re Yahoo Mail Litig., 7 F. Supp. 3d 1016, 1024 (N.D. Cal. 2014) (a court may take judicial notice of information on "publicly accessible websites" not subject to reasonable dispute); Louis v. McCormick &Schmick Restaurant Corp., 460 F. Supp. 2d 1153, 1155 fn.4 (C.D. Cal. 2006) (court may take judicial notice of state agency records).