UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW COPELAND MILLER, | No. 2:22-cv-1270 WBS DB |
| Petitioner, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| CHRISTIAN PFEIFFER,[1] | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges his 2014 conviction in the San Joaquin Superior Court.  (ECF No. 1 at 2.)  Presently before the court is respondent's fully briefed motion to dismiss and opposition to petitioner's motion for stay.  For the reasons set forth below, the undersigned will recommend that the motion to dismiss be granted, the motion for stay be denied, and the petition be dismissed without prejudice.

---

[1] Counsel for respondent notes that the current warden of the Substance Abuse Treatment Facility and State Prison, Corcoran, where petitioner is presently housed, is Bryan D. Phillips.  (ECF No. 11 at 1.)  Respondent requests that the court substitute Bryan D. Phillips as respondent in this action pursuant to Federal Rule of Civil Procedure 25(d).  (Id.)  The court will grant the request and direct the Clerk of Court to substitute Warden Christian Pfeiffer's name with that of Warden Bryan D. Phillips' in the case caption on the docket.  See Rule 2(a), Rules Governing § 2254 Cases; Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992) (citation omitted) (stating proper respondent in federal habeas petition is petitioner's immediate custodian).

# BACKGROUND

## I.     Allegations in the Petition

Petitioner challenges his 2014 conviction in the San Joaquin Superior Court. (ECF No. 1 at 2.) He raises four grounds for relief in the petition. (Id.) He states he received ineffective assistance of counsel because trial and appellate counsel failed to: (1) argue petitioner knowingly/maliciously attempted to dissuade a victim; (2) argue absence of evidence in the 911 dispatch records; (3) argue that the gun introduced at trial was not the actual gun taken from him at the time of his arrest; and (4) argue that petitioner's robbery conviction was improper because no property or money was taken. (Id. at 3-11.)

## II.    State Criminal Conviction and Postconviction Proceedings

Following a trial, petitioner was convicted of kidnapping for robbery, attempted second degree robbery, being a felon in possession of a firearm, making criminal threats, unlawfully possessing ammunition, and knowingly and maliciously attempting to dissuade a victim by force or threat. (LD$^2$ at 1-2.)

Petitioner appealed his conviction in the California Court of Appeal for the Third Appellate District. (LD 2.) The appellate court reversed the kidnapping for robbery conviction and remanded the case to the trial court for resentencing. (LD 2 at 23.) Petitioner filed a petition for review in the California Supreme Court. (LD 3.) The petition for review was denied on June 14, 2017. (LD 4.)

Petitioner was resentenced on August 7, 2018. (LD 5.) Petitioner appealed his new sentence, and the appellate court again remanded the matter to the San Joaquin Superior Court. (LD 6.) Petitioner was resentenced on May 24, 2021. (LD 7.) He did not file a direct appeal thereafter. However, as discussed below, he filed a petition for writ of habeas corpus in the San Joaquin Superior Court that was received on September 21, 2022, and denied on November 15, 2022. (ECF No. 11 at 2.)

---

$^2$ Along with the motion to dismiss, respondent electronically lodged documents from petitioner's criminal case and subsequent appeals. (ECF No. 12.) Documents are identified by their Lodged Document number, "LD," assigned to them by respondent.

### III. Federal Habeas Proceedings

Petitioner initiated this action with the filing of the petition on July 7, 2022.[3] (ECF No. 1.) Upon screening, the undersigned determined that the allegations in the petition were sufficient to direct respondent to file a responsive pleading. (ECF No. 6.) Because the petition also included a motion for stay (ECF No. 1 at 40-43), respondent was also directed to respond to petitioner's request for stay. (ECF No. 6 at 2.)

Respondent filed a motion to dismiss and opposition to petitioner's motion for stay on April 12, 2023. (ECF No. 11.) Petitioner failed to timely file an opposition or statement of no opposition to respondent's motion. The undersigned directed petitioner to either submit a response to the motion or show cause in writing why the petition should not be dismissed for failure to prosecute. (ECF No. 13.) Thereafter, petitioner sought and obtained three extensions of time to file an opposition. (ECF Nos. 14, 15, 16, 17, 18, 19.) Petitioner submitted an opposition on January 8, 2024 (ECF No. 20) and respondent submitted a reply on January 26, 2024 (ECF No. 21).

## MOTION TO DISMISS AND OPPOSITION TO MOTION FOR STAY

### I. Respondent's Motion

Respondent argues the petition should be dismissed because the claims contained therein are unexhausted. (ECF No. 11 at 3.) Respondent states that petitioner failed to present his ineffective assistance of counsel claims to the California Supreme Court and that petitioner concedes the claims are unexhausted. (Id.)

Respondent further argues that petitioner has not shown good cause to warrant a stay pursuant to Rhines v. Weber, 544 U.S. 269 (2005), to allow petitioner to exhaust and that a stay pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002) is not warranted because none of the claims presented in the petition are exhausted. (Id. at 5-8.)

////

---

[3] Under the prison mailbox rule, a document is deemed served or filed on the date a prisoner signs the document and gives it to prison officials for mailing. See Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prison mailbox rule); Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (applying the mailbox rule to both state and federal filings by incarcerated inmates).

**II.     Petitioner's Opposition and Motion for Stay**

Petitioner argues in the opposition that he filed "a petition in the Supreme State Courts requesting to exhaust remedies in a timely matter [sic]." (ECF No. 20 at 1.) He attached a copy of his "legal/confidential mail records" which he argues shows that he "filed both petitions on the exact same day[,] July 15[,] 2022 San Joaquin County Superior Courthouse and USDC, Eastern District." (Id.) He states the petition filed in the instant action was docketed on July 18, 2022, but the petition filed in the San Joaquin Superior Court was not docketed until September 21, 2022. Petitioner states the delay "is an error which is on behalf of the superior court due to negligence and the Motion for stay should be granted and or Petitioner ask for request to file a 'Mute' until [his] remedies are exhausted in supreme court." (Id. at 1-2.)

In support of petitioner's motion for stay, he argues that the deadline for filing would have expired and on the advice of a jailhouse lawyer, he filed a motion for stay simultaneously with the petition. (ECF No. 1 at 40.) Petitioner's motion for stay indicates that he is requesting a stay to avoid filing a successive petition. (Id. at 41.) He further states, he "could not have known the unrelated issue in the Court of Appeal remand order to the exhausted claims would not toll the 1-year limitation for federal habeas review." (Id. at 42.)

**III.    Respondent's Reply**

Respondent argues in the reply that petitioner has not presented the claims in the petition for review in the California Supreme Court. (ECF No. 21 at 1.) Respondent further argues that petitioner has not shown good cause or diligence sufficient to warrant a stay. (Id. at 2.)

**IV.    Legal Standards**

   **A. Motions to Dismiss**

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4, Rules Governing Section 2254 Cases; see also White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (meritorious motions to dismiss permitted under Rule 4); Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983) (Rule 4 "explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is

4

stated"); Vargas v. Adler, No. 1:08-cv-1592 YNP [DLB] (HC), 2010 WL 703211, at *2 (E.D. Cal. 2010) (granting motion to dismiss a habeas claim for failure to state a cognizable federal claim).

Moreover, the Advisory Committee Notes to Rule 8 of the Rules Governing Section 2254 Cases indicate that the court may dismiss a petition for writ of habeas corpus: on its own motion under Rule 4; pursuant to the respondent's motion to dismiss; or after an answer to the petition has been filed. See, e.g., Miles v. Schwarzenegger, No. CIV S-07-1360 LKK EFB P, 2008 WL 3244143, at *1 (E.D. Cal. Aug. 7, 2008) (dismissing habeas petition pursuant to respondent's motion to dismiss for failure to state a claim), findings and recommendations adopted, No. CIV S-07-1360 (E.D. Cal. Sept. 26, 2008).  However, a petition for writ of habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971) (per curium).

**B. Exhaustion**

A petitioner in state custody proceeding with a petition for a writ of habeas corpus must exhaust state judicial remedies. See 28 U.S.C. § 2254(b)(1).  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985).

The state court has had an opportunity to rule on the merits when the petitioner has fairly presented the claim to that court.  The fair presentation requirement is met where the petitioner has described the operative facts and legal theory on which his claim is based. Picard, 404 U.S. at 277-78.  Generally, it is "not enough that all the facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982) (internal citation omitted).  Instead,

> [i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution.  If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

5

1  Duncan v. Henry, 513 U.S. 364, 365 (1995).  Accordingly, "a claim for relief in habeas corpus

2  must include reference to a specific federal constitutional guarantee, as well as a statement of the

3  facts that entitle the petitioner to relief."  Gray v. Netherland, 518 U.S. 152, 162-63 (1996).  The

4  United States Supreme Court has held that a federal district court may not entertain a petition for

5  habeas corpus unless the petitioner has exhausted state remedies with respect to each of the

6  claims raised.  Rose v. Lundy, 455 U.S. 509, 522 (1982).  A mixed petition containing both

7  exhausted and unexhausted claims must be dismissed.  Id.

       **C.  Stay**

       There are two procedures available for staying a petition.  In Rhines v. Weber, 544 U.S. 269 (2005), the Supreme Court held that "a district court may stay the petition and hold it in abeyance to allow the petitioner to return to state court and present his unexhausted claims."  Blake v. Baker, 745 F.3d 977, 980 (9th Cir. 2014) (citing Rhines, 544 U.S. at 275-76).  Under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), the Ninth Circuit held that a district court may stay a petition setting forth only exhausted claims, to permit exhaustion of additional claims with the intention that they will be added by amendment following exhaustion.  King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009) (citing Kelly, 315 F.3d at 1063).

       The "Kelly procedure," has been described by the Ninth Circuit as involving a three-step process:

   (1) Petitioner amends his petition, to delete any unexhausted claims;

   (2) The court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and

   (3) The petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition.

King, 564 F.3d at 1135.  A petitioner proceeding under the Kelly procedure may be able to amend the petition to include the newly exhausted claims if they are timely under the statute of limitations governing federal habeas petitions.[4]  If the claims are not timely, "a petitioner may

---

[4] The habeas corpus statute imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one-year period begins to run on the date on

amend a new claim into a pending federal habeas petition . . . only if the new claim shares a 'common core of operative facts' with the claims in the pending petition; a new claim does not 'relate back' . . . simply because it arises from 'the same trial, conviction, or sentence.'" King, 564 F.3d at 1141 (internal citations omitted).

Under Rhines, a district court may stay a petition containing exhausted and unexhausted claims if the following conditions are met: (1) "the petitioner had good cause for his failure to exhaust," (2) "his unexhausted claims are potentially meritorious," and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." 544 U.S. at 278. The Supreme Court has made clear that this option "should be available only in limited circumstances." Id. at 277. Moreover, a stay that is granted pursuant to Rhines may not be indefinite; reasonable time limits must be imposed on a petitioner's return to state court. Id. at 277-78.

**V.     Analysis**

    **A.  Motion to Dismiss**

Respondent argues that the petition raises four ineffective assistance of counsel claims and none of those claims were raised in the California Supreme Court. (ECF No. 11 at 3.) In support of the motion, respondent filed portions of the state court record. In response, petitioner states he filed "a petition in the Supreme State Courts requesting to exhaust remedies in a timely matter [sic]." (ECF No. 20 at 1.) In support of this argument, he has attached a copy of his prison mail log showing that on the same day he mailed the petition in this action he also sent a petition to the San Joaquin Superior Court. (Id. at 1, 5.)

After reviewing the record in this action, it appears that because petitioner filed no post-conviction collateral challenges in state court before filing the instant petition, he has only

////

---

which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

exhausted the claims raised in his petition for review filed in the California Supreme Court. The claims raised in the petition for review are:

> I. REVIEW IS REQUIRED ON AN ISSUE OF SUBSTANTIAL IMPORTANCE: WAS THERE INSUFFICIENT EVIDENCE TO SUPPORT APPELLANT'S CONVICTION FOR DISSUASION OF A WITNESS IN VIOLATION OF PENAL CODE SECTION 136.1(c)(1) WHICH WAS NOT A CLEAR THREAT FOR FUTURE CONDUCT
>
> II. REVIEW IS REQUIRED ON AN ISSUE OF SUBSTANTIAL IMPORTANCE: WAS APPELLANT DEPRIVED OF HIS FEDERAL CONSTITUTIONAL RIGHTS TO TRIAL BY JURY AND DUE PROCESS OF LAW BECAUSE OF THE FAILURE TO ADEQUATELY INSTRUCT ON THE REQUIREMENT THAT APPELLANT MUST SPECIFICALLY INTEND TO DISCOURAGE THE VICTIM FROM REPORTING THE CRIME; WAS THE OMISSION OF THIS SPECIFIC INTENT ELEMENT, WHICH WENT TO THE HEART OF APPELLANT'S DEFENSE, PREJUDICIAL ERROR
>
> III. THE PROSECUTION DID NOT MEET ITS BURDEN TO PROVE THE WARRANTLESS SEARCH WAS JUSTIFIED; INSTEAD, THE WARRANTLESS SEARCH WAS IN VIOLATION OF APPELLANT'S RIGHTS UNDER THE 4TH AND 14TH AMENDMENT. THEREFORE THE TRIAL COURT'S RULING UPHOLDING THE SEARCH MUST BE REVERSED AND ALL FRUITS OF THE SEARCH MUST BE EXCLUDED
>
> IV. THE CUMULATIVE EFFECT OF THE ERRORS DISCUSSED ABOVE DEPRIVED APPELLANT OF DUE PROCESS OF LAW AND A FAIR TRIAL AND REQUIRES REVERSAL OF APPELLANT'S CONVICTION

(LD 3 at 1-39.)

None of these claims were raised in the petition filed in this action. Petitioner alleges that he submitted a petition in state court at the same time he filed the petition in this action. However, that petition was filed in the San Joaquin Superior Court. (See ECF No. 20 at 4; LD 8.)

In order to exhaust state remedies, a federal claim must be presented to the State's highest court. Castille v. Peoples, 489 U.S. 346 (1989). Here, none of the claims raised in the petition were presented to the California Supreme Court. Because petitioner has not presented his claims for review before the California Supreme Court, he has failed to exhaust the claims presented in

the petition. Duncan, 513 U.S. 365; Picard, 404 U.S. at 276; Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). In light of petitioner's failure to exhaust, the undersigned will recommend that the petition be dismissed. Rose, 455 U.S. at 522 (court may not entertain a petition for habeas corpus unless petitioner has exhausted state remedies with respect to each of the claims).

### B. Motion for Stay

The court will analyze whether a stay is warranted pursuant to Rhines and Kelly because petitioner has not indicated which theory applies to his petition.

In support of his motion for stay, petitioner states he "could not have known the unrelated issue in the Court of Appeal remand order to the exhausted claims would not toll the 1-year limitation for federal habeas review." (ECF No. 1 at 42.) Ignorance of the law is not sufficient to constitute good cause. See e.g., Hamilton v. Clark, No. CIV S-08-1008 EFB P, 2010 WL 530111 at *2 (E.D. Cal. Feb. 9, 2010); Alcaraz v. Giurbino, No. CIV S-05-1597, 2009 WL 4799333 at *2 (E.D. Cal. Dec. 8, 2009); Barrera v. Muniz, No. 2:14-cv-2260 JAM DAD P, 2015 WL 4488235 at *3 (E.D. Cal. July 23, 2015).

Petitioner's conviction became final on July 23, 2021, sixty days after he was resentenced on May 24, 2021. (ECF No. 11 at 5.) Petitioner fails to otherwise explain why he could not have discovered and exhausted the grounds in this petition earlier. Rather, he states that imposition of stay will prevent him from filing a second or successive petition. (ECF No. 1 at 42.) A conclusory request for the imposition of a stay is insufficient to demonstrate good cause. "An assertion of good cause without evidentiary support will not typically amount to a reasonable excuse justifying a petitioner's failure to exhaust." Blake, 745 F.3d at 982. "While a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will." Id. at 982-83 (petitioner supported allegation of ineffective assistance of postconviction (i.e. habeas) counsel in failing to investigate petitioner's mental problems and childhood abuse with evidence of petitioner's abusive upbringing and history of mental illness, including declarations and a psychological report).

The Kelly procedure is not warranted here because the Kelly procedure applies to mixed petitions that contain both exhausted and unexhausted claims, Leonard v. Anglea, No. 2:19-cv-

0230 TLN DB P, 2019 WL 2613381, at *1 (E.D. Cal. June 26, 2019), and as set forth above, none of the grounds alleged in the petition are exhausted.

The undersigned will recommend that petitioner's motion for stay be denied because he has not shown a stay pursuant to Rhines or Kelly is warranted.

**CONCLUSION**

For the reasons set forth above, IT IS HEREBY ORDERED that the Clerk of the Court is directed to substitute the name of "Bryan D. Phillips" for "Christian Pfeiffer" in the case caption of the docket.

IT IS HEREBY RECOMMENDED that:

1. Petitioner's request for stay be denied; and

2. Respondent's motion to dismiss (ECF No. 11) be granted and the petition be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Finding and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's Order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 9, 2024

_[signature]_
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Habeas/S/mill1270.MTD+stay